JOURNAL ENTRY AND OPINION
Defendants-appellants-contractors George and Susan Ficke, and their corporation, Woodcrafter AEI, Inc., appeal from the money judgment entered in favor of plaintiffs-appellees-homeowners Steve and Jane Gale subsequent to a bench trial on their claim alleging breach of contract. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the plaintiffs, acting as their own general contractor, engaged the defendants' woodworking/carpentry services in 1994. The services, which were premised on a series of oral contracts accompanied by a number of handwritten estimates, included the fabrication and/or installation of a host of interior wood-related details in the plaintiffs' new home which was to be constructed in Independence, Ohio, including, doors, cabinetry, framing, flooring and other wood work in every room * * *. See the trial court's Memorandum of Opinion journalized March 30, 2000, Journal Vol. 2447, pages 765-768. During the construction of the home, which prompted a number of changes by plaintiffs as work progressed in addition to the items originally bargained for, the plaintiffs made a series of thirty-six intermittent payments to the defendants from October 26, 1994, to May 16, 1997, totaling $174,025.99. The checks by plaintiffs were made payable to the defendant(s) individually and/or to the corporate entity, and were negotiated, in many instances, by the defendant(s) in their individual, non-corporate capacity. In addition to these payments, the plaintiffs asserted that they gave defendants wooden logs from the building site in consideration for the woodworking services; the logs were valued by plaintiffs at $8,000, but were valued at approximately $3,500 by the defense.
Eventually, in 1997, the defendants ceased working at the building site, which caused the plaintiffs, who had grown unhappy with the pace and quality of the defendants' workmanship, to complete work which was to have been performed by the defendants or repair work which was done poorly by defendants. The defendants claimed that they ceased work due to not being paid for work performed.
The plaintiffs filed suit against the defendants on October 31, 1997, alleging, with the filing of subsequent amended complaints, breach of contract, fraud, and a violation of Ohio's Consumer Sales Practices Act (R.C. 1345.01 et seq.). The defendants duly answered and filed a counterclaim alleging breach of contract for work performed, but for which money was still owed.
The matter proceeded to a bench trial commencing on January 24, 2000, and concluding on February 1, 2000.
The trial court, reviewing approximately 356 exhibits offered by plaintiffs, approximately 56 exhibits offered by the defense, and the testimony of nine witnesses for the plaintiff and eleven witnesses for the defense, determined that plaintiffs should only recover on their breach of contract claim. The trial court, weighing the competing evidence and ascertaining the credibility of the witnesses, concluded that: (1) the original cost estimates amounted to $92,475 as of September 25, 1994; (2) of the $174,000 in cash payments made by the plaintiffs by May 16, 1997, $46,000 represented extras which were in addition to the original estimates and for which plaintiffs had made payment; (3) there was an overpayment of $36,000 for work contracted and paid for, but not performed. See Journal Vol. 2447, pages 765-768. Additionally:
 The Court finds that by a preponderance of the evidence the defendant breached its contracts with plaintiff. Defendant is liable because of poor workmanship, late completions and leaving work undone which required plaintiffs to complete the work itself and to hire others. * * *
 The Court finds that Judgment against the defendant is for $60,300 and costs.
 Further, Judgment is entered for the plaintiffs on the counterclaim.
* * *
Id.
The appeal sub judice presents the following lone assignment of error:
 THE TRIAL COURT INCORRECTLY DETERMINED DAMAGES AND ENTERED JUDGMENT IN FAVOR OF APPELLEES AGAINST ALL APPELLANTS.
In this assignment appellant argues two issues. First, that the manifest weight of the evidence does not support the trial court's measure of damages. Second, that the manifest weight of the evidence does not support piercing the corporate veil for a judgment against the defendants in their personal, non-corporate capacity. The primary basis for appellant's measure of damages is to re-argue the credibility and weight assigned to 107 separate items of work set forth in the evidence in a spreadsheet prepared by the defense and designated as Defendants' Exhibit 1. See appellants' brief at 6-15. It is appellants' belief that many of these items and charges were not contracted for by the parties. The plaintiffs, throughout their case, hotly contested the defense theory that these items were not the subject of the parties' contract.
In reviewing an argument based on the manifest weight of the evidence, we note the following:
 In reviewing a manifest weight of the evidence argument, we note that a judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Since the trial judge is best able to view the witnesses and observe their demeanor when he weighs the credibility of the offered testimony, there is a presumption that the findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. The weight to be given the evidence and the credibility of the witnesses are primarily for the finder of fact. Shore, Shirley Co. v. Kelley (1988), 40 Ohio App.3d 10, 531 N.E.2d 333.
J. Norman Stark Co., L.P.A. v. Dahl (Oct. 19, 2000), Cuyahoga App. No. 77857, unreported, 2000 Ohio App. LEXIS 4895, at 9-10.
In the case sub judice, there was some competent and credible evidence offered throughout the plaintiffs' case to suggest that the items of which appellants complain, both in their appeal and at the time of trial, were the subject of contract by the parties. While the evidence was conflicting at trial concerning these items, the trial court chose to believe the plaintiffs' version of the evidence. We will not overturn the trial court's judgment based on the competing evidence and testimony in the record.
Finally, with regard to appellants' belief that they should not be held personally liable for the corporate obligation, the Supreme Court of Ohio provides the following standard:
 3. The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.
Belvedere Condominium Unit Owners' Association v. R.E. Roark Companies, Inc. (1993), 67 Ohio St.3d 274, paragraph three of the syllabus.
In the present case there was evidence which indicated that the Fickes controlled the small family run corporation of Woodcrafter AEI, Inc.; for all practical purposes the Fickes were Woodcrafter AEI, Inc. The Fickes exercised their control of the corporation in such a way as to commit a breach of contract against the plaintiffs resulting in damages to the plaintiffs. The plaintiffs dealt with the Fickes in their individual capacity on numerous occasions as demonstrated by a number of payments being made to the Fickes in their individual capacity and the Fickes, in their individual capacity without reference to a corporate officer status, negotiating many of the payments. Thus, the weight of the evidence supports disregarding the corporate form and entering judgment against the Fickes in their individual capacity.
Assignment overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ______________________ SWEENEY, JAMES D., J.
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR.